UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| JILL VAN DYKE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| VALENTINE & KEBARTAS, INC., | ) VERIFIED COMPLAINT ) (Unlawful Debt Collection Practices) |
| Defendant. | ) ) |

3:12CV756

## PLAINTIFF'S VERIFIED COMPLAINT

JILL VAN DYKE ("Plaintiff"), through attorney, RICHARD W. FERRIS, alleges the following against VALENTINE & KEBARTAS, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the State of Virginia; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Toano, James City County, Virginia.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Bradenton, Florida.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around July of 2012, Defendant placed at least one collection call to Plaintiff seeking and demanding payment for an alleged consumer debt.

11. Plaintiff's alleged debt owed arises from transactions on a Chase credit card used for personal, family, and household purposes.

12. Defendant called Plaintiff's telephone numbers at 757-566-41XX and 757-870-61XX.

13. In or around July of 2012, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine. *See* transcribed voicemail message attached hereto as Exhibit A.

14. In the voicemail message, Defendant's representative, failed to meaningfully disclose the company's name. *See* Exhibit A.

15. I the voicemail message, Defendant's representative, directed Plaintiff to *call him back* at 800-731-7766, extension 442, which are numbers that belongs to Defendant. *See* Exhibit A.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT

2

## COLLECTION PRACTICES ACT

16. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated § 1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant did not provide the identity of the caller or the nature of the debt.

WHEREFORE, Plaintiff, JILL VAN DYKE, respectfully requests judgment be entered against Defendant, VALENTINE & KEBARTAS, INC. for the following:

17. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

18. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

19. Any other relief this Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Richard W. Ferris
Richard W. Ferris
530 E. Main St. Ste 710
Richmond, VA 23219
804-767-1800
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION